IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) CRIMINAL ACTION NO. |
| v. | ) 3:18-cr-408-RAH |
| | ) |
| DEMETRIS DUANE CLARK | ) |

**MEMORANDUM OPINION and ORDER**

Defendant Demetris Duane Clark ("Clark") was charged on September 26, 2018, in an indictment with one count of possession with intent to distribute a controlled substance in violation of 18 U.S.C. § 841(a)(1). On February 18, 2020, he filed a motion to suppress "all tangible and testimonial evidence recovered as a result of his unlawful traffic stop and unreasonable detention." (Doc. 17, p. 1.) Specifically, he requests the suppression of all drugs, contraband, and statements made on February 7, 2017, and incriminating statements made in jail telephone recordings on February 8, 9, 10, and 19 of 2017. (*Id*., p. 12.) Claiming the officer did not have reasonable suspicion to stop the vehicle or consent to search his backpack and that the officer violated his Miranda rights, Clark asserts the United States should be "prohibit[ed] . . . from using or introducing at trial any and all information and/or fruits of such information, obtained as a result of [the] illegal stop and seizure." (*Id*.)

After an evidentiary hearing, the Magistrate Judge recommended the Court

deny the Motion to Suppress Evidence. (Doc. 56.) On September 17, 2020, Clark filed Objections to the Report and Recommendation of the Magistrate Judge. (Doc. 60.) Upon an independent and *de novo* review of the record, including a review of the transcript, as well as video footage and other evidentiary materials presented during the hearing before the Magistrate Judge, and for the reasons that follow, the Court concludes that the Objections are due to be OVERRULED and the Motion to Suppress is due to be DENIED.

## I. STANDARD OF REVIEW

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions of the Recommendation *de novo*. 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify the recommendation; receive further evidence; or resubmit the matter to the magistrate judge with instructions." FED.R.CRIM.P. 59(b)(3).

*De novo* review requires the district court to independently consider factual issues based on the record. *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990). "Although *de novo* review does not require a new hearing of witness testimony, *United States v. Raddatz,* 447 U.S. 667, 675–76, 100 S.Ct. 2406, 2412–13, 65 L.Ed.2d 424 (1980), it does require independent consideration of factual issues based on the record." *Id.* If the Magistrate Judge

made findings based on witness testimony, the district court must review the transcript or listen to a recording of the proceeding. *Id.* The Court has reviewed the transcript of the suppression hearing in its entirety and the available video footage.

## II. DISCUSSION

The Magistrate Judge provided a thorough recitation of the facts in her Recommendation. Consequently, a summary of the facts related to the Motion to Suppress is not necessary, as the Court adopts the Magistrate Judge's findings of fact as set forth in the Recommendation.

Clark objects to the Magistrate Judge's finding that "[a]fter the silver car parked, Officer Carswell parked his vehicle close to the rear of the silver car, *without blocking it*, and activated his vehicle lights." (Emphasis added in Clark's Objections, Doc. 60, p. 1 (quoting Doc. 56, p. 3)). He argues the video footage clearly indicates that the officer's car prevented Clark from leaving and therefore the "moment of seizure" began when the officer's car came to rest. He contends that, because the facts available to the officer at the moment of seizure did not include an awareness of the odor of marijuana, the officer lacked sufficient cause to initiate the seizure.

The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons ... against unreasonable searches and seizures." U.S. Const. amend. IV. "A seizure under the Fourth Amendment occurs when the officer, by means of

3

physical force or show of authority, has in some way restrained the liberty of a citizen." *United States v. Franklin*, 323 F.3d 1298, 1301 (11th Cir. 2003) (quotation marks omitted). But "not every encounter between a police officer and a citizen" constitutes a seizure under the Fourth Amendment. *Id*. (citation omitted).

Police-citizen encounters may be categorized into three types: (1) consensual encounters; (2) brief seizures or investigatory detentions; and (3) full-scale arrests. *United States v. Aponte*, 662 Fed. Appx. 780, 784 (11th Cir. 2016) (citing *United States v. Jordan*, 635 F.3d 1181, 1185 (11th Cir. 2011)). When the encounter is consensual, officers may ask questions of individuals, ask to examine an individual's identification, and request consent to search without implicating the Fourth Amendment. *Florida v. Bostick*, 501 U.S. 429, 437 (1991) (stating that these actions are permissible "as long as the police do not convey a message that compliance with their requests is required").

Regarding the first category of police-citizen encounters, the test for distinguishing a consensual encounter from a seizure or an arrest is whether "a reasonable person would feel free to decline the officers' requests or otherwise terminate the encounter." *United States v. Drayton*, 536 U.S. 194, 202 (2002) (internal quotation marks omitted). This test "is objective and presupposes an *innocent* person." *Id.* (internal quotation marks omitted; emphasis in original).

If a reasonable person would feel free to terminate the encounter, no seizure has occurred, and the Fourth Amendment is not implicated. *Aponte*, *supra* (citing *Florida v. Bostick*, 501 U.S. at 437). If a reasonable person would not feel free to terminate the encounter, he has been "seized," and the Fourth Amendment is implicated. *Franklin*, 323 F.3d at 1301. To determine whether an encounter is consensual or coercive, courts must consider "all the circumstances surrounding the encounter." *Drayton* 536 U.S. at 201 (quotation marks omitted). Facts relevant to determining whether a reasonable person would feel free to decline the officers' requests or terminate the encounter include whether the officers made any intimidating movements, displayed an overwhelming show of force, brandished any weapons, made any threats or commands, or blocked the individual's path of exit. *See Drayton*, 536 U.S. at 204. *See also Jordan*, 635 F.3d at 1186 (quoting *United States v. Perez*, 443 F.3d 772, 778 (11th Cir. 2006) (discussing similar factors). These factors are not exhaustive and are not meant to be applied rigidly. *Jordan*, 635 F.3d at 1186. They are "simply guidance for the holistic inquiry into whether a reasonable person would feel free to decline the officers' requests or terminate the encounter." *Aponte*, 662 Fed. Appx. at 784 (citing *Jordan*, *supra*).

The Fourth Amendment prohibits "unreasonable searches and seizures," U.S. CONST. amend. IV. Therefore, to trigger Fourth Amendment scrutiny, a "search"

or "seizure" must have occurred. Otherwise, the encounter is "consensual" and does not implicate the Fourth Amendment. *See id.* at 1185–86.

Clark argues that, when the officer blocked his path of exit with the police vehicle, he was "seized," thereby implicating the Fourth Amendment. This Court has reviewed the video footage, and observed such things as the positions of the vehicles and the curb, and the numbers of steps taken by the officer to walk from the curb and to the police vehicle, and finds the police vehicle did not block Clark's vehicle and there was enough space for Clark to exit the parking space. Thus, the Fourth Amendment was not implicated at the moment the police vehicle came to rest and/or before the officer became aware of any contraband.

Based on the foregoing, the Court concludes that Clark's objections to the Magistrate Judge's factual finding that the officer did not block his car and the legal conclusion that the seizure was constitutionally permissible are due to be overruled.

### III.  CONCLUSION

For the reasons as stated, the Court concludes that Clark's Fourth Amendment rights were not violated, and the Motion to Suppress is due to be denied. Accordingly, it is

ORDERED as follows:

1. The Defendant's Objections (Doc. 60) are OVERRULED;

2. The Recommendation of the Magistrate Judge (Doc. 56) to deny the Motion to Suppress is ADOPTED; and

3. The Defendant's Motion to Suppress (Doc. 17) is DENIED.

DONE, this 28th day of September, 2020.

                                        /s/ R. Austin Huffaker, Jr.
                                R. AUSTIN HUFFAKER, JR.
                                UNITED STATES DISTRICT JUDGE